**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**TRISTA JONES**                                                                 **PLAINTIFF**

**VS.**                              **3:13-CV-00252-BRW**

**RK ENTERPRISES OF
BLYTHEVILLE, INC.,** *et al.*                                     **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff's Motion for Reconsideration (Doc. No. 76) of the order awarding attorneys'

fees and costs is DENIED.  However, one issue needs to be clarified.

The "Limited Success" portion of the order reads:

Though Plaintiff was successful on her FLSA claim, the results obtained were a
fraction of her demand. Plaintiff argued that she was entitled to $88,338.64 but
recovered only $7,876.06.  This recovery is less than 10% of Plaintiff's demand.
Basically, by going to trial she obtained liquidated damages and amassed hours of
attorneys' fees.[1]

Plaintiff contends that the above analysis is at odds with *Simpson v. Merchants &*

*Planters Bank*,[2] where the Eighth Circuit noted that it had "explicitly rejected a 'rule of

proportionality' in civil rights cases because tying the attorney's fees to the amount awarded

would discourage litigants with small amounts of damages from pursuing a civil rights claim in

court."[3]

However, the purpose of this Fair Labor Standards Act case was recovery of private

damages.  "Where recovery of private damages is the purpose of . . . civil rights litigation, a

district court, in fixing fees, is obligated to give primary consideration to the amount of damages

---

[1]Doc. No. 73-2.

[2] 441 F.3d 572 (8th Cir. 2006).

[3]*Id.* at 581.

1

awarded as compared to the amount sought."[4]  Plaintiff requested $44,169.32 in compensatory damages, $44,169.32 in liquidated damages,[5] and punitive damages "in an amount triple to the amount of compensatory damage."[6]  Altogether, Plaintiff sought damages of $220,846.60.  She was awarded $7,876.06 – an award she did not appeal.  "[A]lthough the fee award need not be proportionate to the amount of damages a plaintiff actually recovers, it is a factor that a court should consider when contemplating a reduction of the modified lodestar amount."[7]  Accordingly, the fact that Plaintiff recovered less than 4% of the amount sought was properly considered.

## CONCLUSION

In fine, Plaintiff's somewhat[8] intemperate Motion for Reconsideration (Doc. No. 76) is in all respects DENIED.

IT IS SO ORDERED this 7th day of April, 2016.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4]*Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment).

[5]This total of $88,338.64 does not include the $7,000 Plaintiff obtained before trial.

[6]Doc. No. 30.  This would have totaled $132,507.96 ($44,169.32 x 3).  However, the punitive damages request was denied after the parties rested.

[7]*Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999) (an FLSA case); see also *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1029 n.11 (9th Cir. 2000) (noting that it is inappropriate for a court to reduce a fee award simply because damages are small, but that it is permissible to reduce an award where the amount of recovery is modest relative to the amount initially sought).

[8]Speaking euphemistically.